GEORGE BRODY & another *vs.* STATE TAX COMMISSION. December 9, 1975. This case is similar in all material respects to *Elwood* v. *State Tax Comm'n, ante,* 193 (1975), decided this day. During 1971 the taxpayer-husband here was an accountant rendering professional services to clients, the taxpayer-wife was an employee of the town of Canton; they filed a joint income tax return for the year. The Appellate Tax Board held that the net profits derived by the husband from his professional services did not qualify as "salary, wages or other compensation" under § 5B (a) (2) (*i*) of G. L. c. 62, as appearing in St. 1971, c. 555, § 5, and the taxpayers accordingly were not entitled to the exemption up to $2,000 allowed by the section. We hold here, as we did in the *Elwood* case, where the taxpayer-husband was a member of a law partnership, that the quoted expression is not confined to the income received under an employer-employee relationship, but extends to income received for personal services whether the person is an employee or is self-employed. Therefore we reverse the decision of the Appellate Tax Board which affirmed a decision of the State Tax Commission assessing additional tax upon denial of the claimed exemption, and we order the assessment to be abated.

*So ordered.*

*Robert J. McGee* for the taxpayers.

*George T. Smith, Jr.,* Special Assistant Attorney General, for the State Tax Commission.